UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X   (Jury Trial Demanded
JEROME STEVENSON,                                                                of all issues)

                                  Plaintiff,          **COMPLAINT**

            -against-

                                  CV. NO. _____

P.O. BRENT ANDREOLI, P.O. JOHN DOE, DET. JOHN DOE
(True Name Unknown) AND
CITY OF NEW YORK,
                                Defendants.
---------------------------------------------------------------------------X

The Plaintiff JEROME STEVENSON, by his Attorney GARNETT H. SULLIVAN, ESQ., complaining of the Defendants alleges as follows:

## PRELIMINARY STATEMENT

**1.** This is a civil rights action in which the plaintiff seeking relief for the Defendant's violation and deprivation, under the color of State law of Plaintiff's rights secured by the Fourth and Fourteenth amendments of the New York and United States Constitutions and under common law, and is being brought pursuant to 42 U.S.C. §1983.

**2.** Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest, and attorney's fees, and such other and further relief as this Court deems just and equitable. A jury trial is demanded.

## JURISDICTION

3. Jurisdiction is based upon and conferred to this Court by 42 U.S.C. §1983 and 28 U.S.C. §§ 1331 and 1343(3) and (4). Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367. Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. §1367 (a) concerning any State law claims and against all parties that are so related to the claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

4. The Plaintiff JEROME STEVENSON, at all times hereinafter mentioned, was and still is a citizen of the United States and a resident of the City and State of New York and County of New York.

5. That the Defendant CITY OF NEW YORK is a municipal organization organized and existing by virtue of the laws of the State of New York.

6. That upon information and belief the Defendants P.O. BRENT ANDREOLI and JOHN DOE Defendants mentioned were officers employed by the New York Police Department which is an agency of the Defendant CITY OF NEW YORK and were acting within the scope of said employment as Police Officers and were further acting under the direction, supervision and control of Defendant CITY OF NEW YORK.

7. Defendant P.O. BRENT ANDREOLI and JOHN DOE Defendants are being sued individually and in their official capacity as law enforcement officers acting on behalf of the Defendant CITY OF NEW YORK.

## ADMINISTRATIVE CONDITIONS

8. That within ninety (90) days after the claims arose the plaintiff caused a sworn notice of claim to be duly served upon defendant CITY OF NEW YORK.

9. That the Plaintiff was examined by Defendant CITY OF NEW YORK pursuant to New York General Municipal Law sec. 50-H.

10. More than thirty (30) days have elapsed since service of the Notice of Claim and 50-H hearing but Defendant CITY OF NEW YORK or the comptroller have neglected and/or refused to adjust or pay said claims.

## FACTUAL ALLEGATIONS

11. On or about November 27th, 2023 at approximately 8:00 P.M. the Plaintiff was lawfully walking in the vicinity of 93rd Street and Second Avenue in the City, County, and State of New York, when he was arrested by Defendants ANDREOLI and P.O. JOHN DOE.

12. Defendants informed Plaintiff that he was being arrested due to an outstanding court bench warrant. Plaintiff informed the Defendants that he was not the subject of the court case that his cousin had used Plaintiff's name when arrested and that he had been wrongfully arrested for this reason before. Defendants failed to investigate whether plaintiff was the person for whom the warrant was issued.

13. The Defendants transported Plaintiff to the 19th Precinct in the County of New York. On the way to the Precinct, Defendants informed Plaintiff that they knew he was not the actual subject of the warrant.

14. Defendant placed Plaintiff in a cell at the 19th Precinct where he was detained overnight and was told he would have to wait to see a detective in the morning.

15. At approximately 8-9 A.M. on the following morning, Plaintiff was seen by DET. JOHN DOE who fingerprinted and photographed Plaintiff. Plaintiff again informed DET. JOHN DOE that he was not the subject of the warrant, Plaintiff was nevertheless transported to Central Booking in Manhattan at approximately 10:30 A.M. on November 28th, 2023.

16. Plaintiff was detained at Central Booking in Manhattan until the morning of the following day.

17. At approximately 10:30 A.M. on November 29th, 2023, Plaintiff was transported to Queens County Central Booking and was detained in a cell until he saw a Judge at the Criminal Court of the City of New York, Queens County.

18. While in Central Booking, a police officer recognized Plaintiff as having been wrongfully arrested on a previous occasion because of the same bench warrant which wasn't removed from the system, and refused to process the Plaintiff at Queens Central Booking.

19. Plaintiff was sent to see the Judge a little before lunch and was told by the Judge that he wanted to look into the matter further. Plaintiff was released from handcuffs and told to stick around the courthouse. Plaintiff did not see the Judge again until approximately 3:00 P.M. when he was finally ordered to be released from custody by the Criminal Court Judge because it was determined he was not the person for whom the warrant was issued.

20. Defendant City of New York, through its police officers, had previously arrested Plaintiff on an outstanding bench warrant bearing Plaintiff's name. It had become apparent that Plaintiff's cousin was using Plaintiff's name for his court cases and that Plaintiff was not the subject of the warrant. Defendant City of New York nevertheless failed to take appropriate action to avoid re-arresting Plaintiff for crimes committed by Plaintiff's cousin and upon warrants issued wrongfully against Plaintiff.

## FIRST CLAIM

## (False Arrest – 42 U.S.C. 1983)

21. The Plaintiff incorporates by reference each of the preceding paragraphs of this complaint as set forth at length herein.

22. That the aforesaid arrest and imprisonment of the Plaintiff by Defendants in their capacity as law enforcement officers employed by Defendant CITY OF NEW YORK acting under the color of State Law, without any authority of the law and without any reasonable cause or belief that the Plaintiff had committed the offense for which he was charged.

23. That the said Defendants, their agents, servants, and employees falsely arrested and illegally imprisoned the Plaintiff and intentionally subjected Plaintiff to confinement which Plaintiff was conscious of, and said confinement was not otherwise privileged or consented to by Plaintiff.

24. That because of the aforesaid false arrest and imprisonment caused willfully and maliciously by the defendants, their agents, servants, and employees, Plaintiff was wrongfully deprived of his rights, privileges, and benefits provided to him under the constitutions of the United States of America and the State of New York. Plaintiff was caused to be subjected to great discomfort, loss of liberty, significant indignities, ridicule, scorn, humiliation, mental distress and was prevented from attending to his usual activities and injured his reputation in the community and was further caused to incur monetary damages.

25. That the Defendants committed the foregoing acts willfully and with malicious disregard for Plaintiff's rights and are therefore liable for compensatory as well as punitive damages.

## SECOND CLAIM

## (False arrest – State Law)

26. Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

27. That the foregoing conduct of the Defendants acting in concert intentionally confined the Plaintiff though said confinement was in no way privileged and the plaintiff was conscious of his confinement and did not consent to said confinement.

28. The arrest and imprisonment of Plaintiff by said Defendants was maliciously done without probable cause and constitutes false arrest and imprisonment under the laws of the State of New York.

29. Defendants conduct was willful and in malicious disregard of Plaintiff's rights and caused great damage to plaintiff. Plaintiff is entitled to compensatory and punitive damages.

## THIRD CLAIM

## (Assault and Battery - State Law)

30. Plaintiff repeats, reiterates, and re-alleges all the allegations outlined in the preceding paragraphs as though fully set forth at length herein.

31. The Defendants acting jointly and severally with each other committed assault and battery upon Plaintiff by subjecting Plaintiff to hostile and offensive bodily contact that was not privileged or consented to by Plaintiff.

32. That the Defendants committed these acts intentionally, willfully, and with malicious disregard of Plaintiff's rights as a citizen and human being and are therefore liable for punitive damages.

33. That the assault and battery caused substantial injuries to Plaintiff.

34. The conduct complained of is actionable under the laws of the State of New York and this Court has supplemental jurisdiction to adjudicate this claim.

35. As a result of Defendants' conduct, Plaintiff was caused to sustain injuries and was otherwise damaged and such conduct was the proximate cause of Plaintiff's injury and damages.

## FOURTH CLAIM

### (Invasion of Privacy and Trespass on Person)

36. Plaintiff repeats, reiterates, and re-alleges all the allegations outlined in the preceding paragraphs as though fully set forth at length herein.

37. By the actions described above, Defendants acting individually and in concert with each other, violated Plaintiff's right to privacy and trespassed on his person, subjected him to embarrassment and humiliation, intruded into and invaded his seclusion of person, solitude, and private affairs. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the Plaintiff, violated his statutory and common law rights as guaranteed to him by the laws and constitution of the State of New York.

38. As a result of the foregoing, Plaintiff was deprived of liberty, sustained great emotional injuries, was subjected to great humiliation, and was otherwise damaged and injured.

## FIFTH CLAIM

### (Vicarious Liability)

39. Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

40. The individual Defendants were acting within the scope of their employment as police officers employed by the Defendant CITY OF NEW YORK when they committed all the aforementioned unlawful conduct.

41. The Defendant City of New York is vicariously liable to Plaintiff under the laws of the State of New York for all of the aforementioned unlawful conduct and this Court has supplemental jurisdiction to hear and adjudicate this claim.

## SIXTH CLAIM

## (Violation of 42. U.S. §1983)

42. Plaintiff repeats, reiterates, and re-alleges all the allegations set forth in the preceding paragraphs as though fully set forth at length herein.

43. The Defendants acting under color of State law, subjected Plaintiff to the foregoing acts without due process of law in violation of 42 U.S.C. §1983 thereby depriving Plaintiff of his rights, privileges, and immunities secured by the First Amendment to the United States Constitution, including, without limitations, deprivation of the following constitutional rights:

(a) Plaintiff was deprived of Forth Amendment constitutional right to be free from unreasonable searches and seizures of his person;

(b) Plaintiff was deprived of his Fourteenth Amendment right to liberty without due process of law;

(c) Plaintiff was deprived of his Fourteenth Amendment right to equal protection of the law.

## SEVENTH CLAIM

## (Negligent Hiring, Retention and Supervision)

44. Plaintiff repeats, reiterates, and re-alleges all the allegations outlined in the preceding paragraphs as though fully set forth at length herein.

45. That the Defendant CITY OF NEW YORK negligently hired, screened, retained, trained, and supervised the individual Defendants. The acts and conduct of Defendants were the direct and proximate cause of injury to Plaintiff. The Defendants violated Plaintiff's statutory and common law rights as well as rights guaranteed by New York and United States Constitutions.

46. The negligent hiring, screening, retention, training, and supervision were the proximate cause of the injuries, deprivation of liberty, and other damages sustained by plaintiff.

## EIGHTH CLAIM

### (Municipal Liability)

47. Plaintiff repeats, reiterates, and re-alleges all the allegations outlined in the preceding paragraphs as though fully set forth at length herein.

48. That the Defendant CITY OF NEW YORK is a "person" within the meaning of 42 U.S.C. §1983

49. That at all times material to this complaint, the Defendant CITY OF NEW YORK through its police department had in effect de facto policies, practices, customs, and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

50. That it is common practice and common knowledge that NYPD Police officers of the CITY OF NEW YORK routinely arrest individuals and maliciously charge them with the violations of which the Plaintiff was charged, in the absence of probable cause to believe the person committed any such violation of laws.

51. That Defendant CITY OF NEW YORK is well aware of the foregoing facts and has received innumerable complaints of false arrest charges, but the CITY OF NEW YORK has

condoned such conduct and has failed to take sufficiently reasonable actions to investigate and to institute policies to prevent or deter police officers from charging innocent persons of violations that did not occur.

52. That police officers employed by the Defendant City of New York have routinely falsely charged citizens with obstructing governmental administration and numerous police officers have been found liable for making such false charges in violation of 42 U.S.C. §1983; nevertheless, Defendant CITY OF NEW YORK, has condoned such unlawful conduct and has failed to take appropriate action to prevent its police officers from making such false charges.

53. Defendants, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

(a) Failed to perform their duties as a reasonably prudent and careful police officer would have done under similar circumstances, including (but not limited to) conducting an improper and unlawful detention, seizure, and arrest; physically assaulting a person; and other acts which police officer of ordinary prudence would not have done;

(b) Hired and retained incompetent and unfit police officers whom they knew, or should have known, possessed dangerous propensities and a lack of proper temperament and whom they knew, or should have known, harbored hostility towards persons who questioned or asserted their legal rights;

(c) Failed to exercise care in instructing their officers, officials, supervisors, and civilian employees as to their deportment, behavior, conduct, including (but not limited to) failing to give proper instructions as to when citizens may be forcibly detained and taken into custody, as to the preparation and submission of accurate criminal charges, as to consequences of inflicting summary punishment and bringing false charges; and as to the

obligation of officers to intervene to protect citizens threatened with violence or deprived of constitutional rights by other police officers;

(d) Failed to establish meaningful procedures for disciplining officers and other personnel who have engaged in such acts of misconduct.

(e) Failed to establish adequate procedure to prevent its police officers from arresting persons whose name is wrongfully used by persons arrested for crimes.

**WHEREFORE,** plaintiff demands the following relief jointly and severally against all defendants:

- A. Compensatory damages
- B. Punitive damages
- C. Costs, interests, and attorney's fees
- D. Such other and further relief as the Court deems proper.

Dated: South Hempstead, New York
   November 1, 2024

/s/ *Garnett H. Sullivan*
**GARNETT H. SULLIVAN, ESQ.**
Attorney for Plaintiff
1080 Grand Avenue, Suite 200
South Hempstead, NY 11550
(516) 285-1575
Garnettsullivan@yahoo.com